## TRISSEL *v.* THOMAS.

---

PATENTS; INTERFERENCE.

In an interference case involving an improvement in hay-loaders, where the controversy is as to whether a test made in the hay-making season of each of three successive years by the junior applicant of a machine constructed by him, constituted reduction to practice, objection by the senior party is without substantial foundation when based on the fact that the junior party was not content with the test of one year but preferred to test it actually in the field for three years; and the fact that during those years the junior party came to the conclusion that another device not necessarily connected with the invention in issue was necessary to the perfection of his invention, is not necessarily an admission that the invention without such device was inoperative and unsuccessful.

No. 233.    Patent Appeals.    Submitted January 12, 1904.    Decided February 2, 1904.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.          *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Alfred M. Allen* and *Mr. Paul Finckel* for the appellant.

*Mr. H. A. Toulmin* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents in an interference case, wherein the subject-matter of controversy is as to the right of priority of invention of an improvement in hay-loaders, described as follows:

"In a hay-loader, a crank-shaft, with a series of cranks thereon, and a sectional pulley secured to the medial portion of one of said cranks at the axis of rotation of said shaft, and a bearing for said pulley supported in the frame."

The examiner of interferences in the Patent Office describes the device in this apt language:

"The subject-matter of this interference set forth in a single count is a means for supporting the crank-shaft in a hay-loader. The peculiar character of this means is due to the shape of the crank-shaft which is bent so as to form a series of zigzags, each constituting a crank. The problem solved by the invention under consideration was to arrange a bearing for the shaft between its ends where it was coincident or parallel with its axis. The means employed consists of a sectional pulley made fast to the medial part of one of the cranks, and having its center in the axis of the shaft. The periphery of this pulley is grooved and a U-shaped iron bolted to a bar supported by the frame parallel with and above the crank-shaft acts as a bearing for the pulley."

Frank N. Trissell, the appellant, is a patentee of the invention, having filed his application therefor in the Patent Office on August 6, 1900, and received a patent thereon on October 9, 1900. Thomas, the appellee, filed his application on November 12, 1900, a little over one month after the issue of the patent to Trissell. Trissell in his preliminary statement alleged that he had conceived and disclosed the invention in October of 1893, and reduced it to practice in a full-sized machine completed about October 24, 1899. Thomas in his preliminary statement alleged that he had conceived and disclosed the inven-

tion in February and March of 1897, and reduced it to prac-
tice by the completion of a full-sized machine in July, 1898,
which was successfully operated in the years 1898, 1899, and
1900.

Both parties assigned their claims, Trissell to the Ohio Rake
Company of Dayton, Ohio, and Thomas to the Thomas Manu-
facturing Company of Springfield, Ohio.

All three of the tribunals of the Patent Office, with concur-
rent unanimity, decided in favor of Thomas, the appellee, and
awarded him judgment of priority of invention.    From the
decision of the Commissioner of Patents to that effect appeal
has been taken to this court.

The facts of this case are few and simple.    It is conceded,
certainly it is not at all contested, that Trissell, the appellant,
conceived the invention in the year 1893, and that he reduced
it to practice in the autumn of the year 1899.    On the other
hand, it is conceded also on behalf of Trissell, that the appellee
Thomas conceived the invention in March of 1897, and em-
bodied it in a full-sized device which was practically tested on
a hay-loader in the year 1898.    It is not conceded, however,
by Trissell, that this device embodied the invention in contro-
versy; and, in fact, this is the main question in controversy
between the parties.    There is also another concession on the
part of Trissell of a fact patent on the record,—that from the
time of his conception of the invention in 1893, if he then did
conceive it, down to and after the time of Thomas's conception
in 1897, and down to and after the time of Thomas's construc-
tion in 1898 of the device claimed by him to be a reduction to
practice, Trissell was wholly quiescent as to this invention and
did absolutely nothing whatever toward its reduction to practice.
If, therefore, the construction of Thomas in 1898 was a reduc-
tion to practice by him, it is very evident that Trissell, by his
long and unexplained delay from 1893 to 1898, lost any benefit
that he might have had from his prior conception.    If, on the
other hand, Thomas's act of 1898 was not a reduction to prac-
tice, it is possible for Trissell to connect his reduction to prac-
tice in 1899 with his prior conception in 1893.    For then there

will have been no intermediate action by Thomas, or by any one else.

The only question at issue, therefore, between the parties is whether the action of Thomas in 1898 was a reduction of the invention to practice; and the answer to this question does not seem to us to be very difficult. We fully concur in the answer that has been given to it by the Commissioner of Patents, and by the other tribunals of the Patent Office. The testimony is so full and complete, and by unimpeached witnesses, that the Thomas device was successfully tested and operated in the three successive years of 1898, 1899, and 1900, during the hay-making seasons of those several years, that the efficacy of the test is put beyond a doubt. In fact, the objection to the test seems to be based mainly on the fact that Thomas was not content with the test of one year, but preferred to test it actually in the field for three successive years, and in the further fact that, during those years, Thomas came to the conclusion that another device, that of a pivotal connection for the supporting-strap of the present invention, not necessarily connected at all with the present invention, was necessary to the perfection of his invention, and therefore, as it is argued, admitted that his invention without the pivotal connection was imperfect and inoperative. But this objection is without substantial foundation. While a device with a pivotal connection for the supporting-strap may be a better device than that which is now here in issue, it does not follow that the device of Thomas, without the pivotal connection, was inoperative and unsuccessful. On the contrary, the testimony that it was successfully operated throughout three successive years is ample and satisfactory; and it has been so held by all the tribunals of the Patent Office.

From the length of time taken for the tests, three successive years in the hay-making seasons of the year, no inference can be deduced unfavorable to Thomas. On the contrary, when we consider the nature of the device and the purpose for which it was intended, and that the best possible test was that which could be made in the actual operation of the machine in the field in the work for which it was intended, his care and dili-

gence are rather to be commended, in view of the fact that there were no rivals in the field of invention so far as he knew: and he seems to have known nothing of Trissell's action until after the issue of the patent to the latter. There is no testimony to show fraud, suppression, concealment, or improper action of any kind on the part of either inventor.

We find no reason to disturb the conclusion reached by the Commissioner of Patents in his well-reasoned and able opinion in the case; and we are of opinion that his judgment should be affirmed, and that the award of priority of invention should be in favor of the appellee John H. Thomas.

The clerk of the court will certify this opinion, and the proceedings of the court in the premises, to the Commissioner of Patents according to law.                                    *Affirmed.*